THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: August 26, 2019



G. Michael Halfenger
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

    Karl R. Boddy, Jr. and                    Case No. 19-23004-gmh
    Theresa S. Boddy,                        Chapter 13

        Debtors.

**DECISION AND ORDER ON PLAN CONFIRMATION**

       The chapter 13 debtors seek confirmation of an amended debt-adjustment plan. The plan provides that the debtors will pay about $2,200 a month to the holder of a claim secured by a mortgage on their residence pending their participation with the holder of that claim in the court's Mortgage Modification Mediation Program ("MMM"). The plan further provides that if the parties to MMM agree to a loan modification, the debtors will pay the claim as modified "outside of the plan", but if mediation fails, they will "file a feasible plan to address the mortgage claim." ECF No. 33, at 2. The holder of the claim objects to confirmation of the plan, thus signaling that it does not accept the plan. Absent the claim holder's acceptance of the plan, the court cannot confirm it.

I

Community First Credit Union loaned the debtors, Karl and Theresa Boddy, approximately $283 thousand, and they granted Community First a mortgage on their principal residence to secure repayment of the debt. The Boddys did not repay the debt as promised, so Community First filed a foreclosure action in state court. The state court entered judgment in Community First's favor. The Boddys then commenced this case under chapter 13, and Community First promptly filed proof of its secured claim.

The Boddys moved for referral to MMM to explore a possible loan modification with Community First. ECF No. 20. Community First did not object, so the court ordered the parties to mediate. ECF No. 21. After the Boddys' attorney certified that they had provided "all requested documents" to Community First, the clerk appointed a mediator. ECF Nos. 22 & 24. The parties recently agreed to end the mediation period on or before October 2, 2019. ECF No. 37.

The Boddys' chapter 13 plan, most recently amended in July, provides for Community First's allowed secured claim by stating that the Boddys are seeking a loan modification through MMM. Specifically, it provides:

¶ 8.1 Nonstandard Plan Provisions:

A. Community First Credit Union ("CFCU") Mortgage. The Debtors have applied to the . . . Mortgage Modification Mediation Program . . . .

> 1. The Debtors shall pay $2,158.74 per month pending mediation as the lesser of the two payments allowed under the MMM program.
>
> 2. During mediation, the Trustee shall not pay on any claims for Debtors' mortgage on the property located [at] E297 County Road V, Scandanavia, WI. Upon successful completion of the mortgage modification, all mortgage claims, including any arrearage claim will be addressed and paid outside of the plan. If the mediation is unsuccessful and there is no mortgage modification reached, Debtor[s] will file a feasible plan to address the mortgage claim. The time period to successfully complete a mortgage modification or file

>     a feasible plan will be controlled by the procedure and guidelines of
>     the Mortgage Modification Program.

ECF No. 33, at 2.

Though Community First consented to mediation, it objects to confirmation of the Boddys' amended plan. Community First contends, among other things, that the plan does not comply with 11 U.S.C. §1325(a)(5)'s requirements for confirming a plan that provides for an allowed secured claim.

## II

### A

Section 1325(a)(5) provides that a court cannot confirm a chapter 13 plan unless "with respect to each allowed secured claim provided for by the plan" at least one of three conditions is met: (1) "the holder of such claim has accepted the plan", (2) the plan provides for retention of the claim holder's lien and payment of the claim as provided in subparagraph (B), or (3) "the debtor surrenders the property securing such claim to such holder". §1325(a)(5)(A), (B) & (C); see *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 276–77 & n.14 (2010); see also 11 U.S.C. §1322(e) (qualifying §1325(a)(5)'s requirements where a plan proposes "to cure a default", e.g., under §1322(b)(5)).

The Boddys' amended plan provides for Community First's allowed secured claim: It states how the Boddys propose to pay that claim—either by directly paying a modified amount or by amending the plan to cure a prepetition arrearage. See *Rake v. Wade*, 508 U.S. 464, 473 (1993) ("The most natural reading of the phrase to 'provid[e] for by the plan' is to 'make a provision for' or 'stipulate to' something in a plan." (Alteration in original)).

But none of §1325(a)(5)'s confirmation requirements are satisfied. Community First has not accepted the plan, as its objection to confirmation shows. Cf. *In re Foley*, No. 18-29998, 2019 WL 3933616, at *7 (Bankr. E.D. Wis. Aug. 19, 2019) ("[A] creditor that is properly served with a chapter 13 plan and does not object has accepted the plan for

purposes of §1325(a)(5)(A)."). The plan does not provide for payment of Community First's allowed secured claim. And the Boddys have not surrendered their residence to Community First or indicated that they will do so.

B

The Boddys argue that "the only requirement that . . . MMM . . . has for an unsuccessful mediation is that the Debtors agree to promptly propose an amended plan." ECF No. 36, at 2. They observe that the court's description of MMM states, "If MMM is not successful, Debtor agrees to promptly propose an amended Chapter 13 plan to pay the original mortgage. Failure to propose the amended plan can result in dismissal of the Chapter 13 case." *Id.* (quoting *Chapter 13 Mortgage Modification Mediation Program (MMM) (7/1/15)*, at 2, available at https://www.wieb.uscourts.gov/mortgage-modification-mediation).

The Boddys correctly describe MMM. That program provides a vehicle for debtors and amenable mortgage creditors to pursue a loan-modification agreement. But neither MMM nor the order providing for mediation purports to alter the Bankruptcy Code's confirmation requirements for chapter 13 plans. Indeed, it should go without saying that no court program can countermand an Act of Congress.

Community First's chosen course is truly difficult to understand. It has engaged in mediation with the Boddys over whether it will agree to modify the Boddys' mortgage loan; yet it refuses to accept the Boddys' debt-adjustment plan that defers addressing how the Boddys will pay the unmodified mortgage-loan debt through the plan until after the parties complete the mediation. If Community First is potentially willing to agree to modify the mortgage-loan agreement—as its participation in mediation suggests—why refuse to accept a plan that postpones litigating whether the Boddys can feasibly cure their prepetition default and maintain payments due under the terms of the *unmodified* agreement?

Whether the court can make sense of Community First's strategy in opposing confirmation, though, does not affect whether the court can confirm the amended plan. The plan provides for Community First's allowed secured claim, but none of §1325(a)(5)'s conditions have been met with respect to that claim. Therefore, the court must deny confirmation.

III

**ORDERED**: Community First's objection to plan confirmation is **sustained**, and the debtors must file and serve a feasible amended plan on or before **October 16, 2019**.

#####